UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OSCAR ARNOLDO RIVERA ESPERANZA,

                Petitioner,

v.

LADEON FRANCIS, in his official capacity as Acting Field Office Director of New York Immigration and Customs Enforcement; KRISTI NOEM in her official capacity as Secretary of Homeland Security; PAM BONDI in her official capacity as Attorney General,

                Respondents.

25-CV-8727 (RA)

ORDER GRANTING
PRO BONO COUNSEL

---

RONNIE ABRAMS, United States District Judge:

On October 21, 2025, Petitioner's sister, Yosselin Liliana Rivera Esperanza, filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 on Petitioner's behalf as Petitioner's "next friend." Dkt. No. 1.

The Court finds that the appointment of *pro bono* counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. In particular, the petition presents complex jurisdictional and other legal questions, and Petitioner's ability to present his case and conduct any related fact investigation is significantly limited

due to his incarceration and the emergency nature of his petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. Given that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989), there is no guarantee that a volunteer attorney will decide to take the case. Petitioner should thus be prepared to proceed with the case *pro se*. The Court has, however, established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

If an attorney volunteers, the attorney will contact Petitioner, or his next friend, directly. To the extent Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

## CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.

The Clerk of Court is further directed to send by regular mail a copy of this order to the Petitioner in care of his next friend.

SO ORDERED.

Dated:   October 23, 2025
              New York, New York

                                                    Ronnie Abrams
                                       United States District Judge